UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

SHEM WAYNE ALEXANDER

CASE NO. 8:24-cr-164-SDM-AAS

18 U.S.C. § 371
Conspiracy
18 U.S.C. § 933
Firearms Trafficking

**SEALED**

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Conspiracy to Commit Smuggling – 18 U.S.C. § 371)

#### A.   Introduction

At times material to this Indictment:

1. SHEM WAYNE ALEXANDER, ("ALEXANDER"), was a citizen of Trinidad and Tobago who resided in Trinidad and Tobago and visited the United States. ALEXANDER directed co-conspirators to acquire certain types of firearms in the United States, directed co-conspirators to conceal said firearms for overseas shipment, and was responsible for distributing said firearms received from the United States in Trinidad and Tobago. ALEXANDER also recruited co-conspirators to purchase firearms to be smuggled to Trinidad and Tobago.

2. TEVIN OBRIAN OLIVER, a/k/a "King Himself," a/k/a "Pa" ("OLIVER"), was a citizen of Trinidad and Tobago and a lawful permanent resident of the United States who resided in the United States. OLIVER directed and paid

co-conspirators to acquire certain types of firearms in the United States, purchased firearms and firearm components himself, and smuggled said firearms to Trinidad and Tobago. OLIVER was indicted in *United States v. Tevin Obrian Oliver, et al.*, Case No.: 8:23-cr-343-SDM-AEP.

3. JAMEAL KAIA PHILLIP, a/k/a "Kai," a/k/a "Kaya," a/k/a "Kya" ("PHILLIP"), was a citizen of Trinidad and Tobago who resided in both Trinidad and Tobago and the United States. PHILLIP obtained firearms in the United States and concealed said firearms to be smuggled to Trinidad and Tobago where they would be later distributed by ALEXANDER and OLIVER. PHILLIP was indicted in *United States v. Tevin Obrian Oliver, et al.*, Case No.: 8:23-cr-343-SDM-AEP.

4. EDWARD SOLOMAN KING III, a/k/a "Ed" ("KING"), was a citizen of the United States who resided in the Middle District of Florida. KING was recruited by ALEXANDER for the purpose of obtaining firearms in the United States to be smuggled to Trinidad and Tobago where they would be later distributed by ALEXANDER and OLIVER. KING was indicted in *United States v. Tevin Obrian Oliver, et al.*, Case No.: 8:23-cr-343-SDM-AEP.

5. Individual-1 was a citizen of the United States who resided in the Middle District of Florida.

6. Individual-2 was a citizen of Trinidad and Tobago who resided in that country.

7. Individual-3 was a citizen of the United States who resided in the Middle District of Florida.

2

8. 18 U.S.C. § 554 prohibits a person from fraudulently or knowingly exporting or sending from the United States or attempting to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States. It is a felony to conspire to commit a violation of 18 U.S.C. § 554.

9. 18 U.S.C. § 922(e) prohibits a person from knowingly delivering or causing to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, any package or other container in which there is any firearm or ammunition without written notice to the carrier that such firearm or ammunition was being transported or shipped. It is a felony to conspire to commit a violation of 18 U.S.C. § 922(e).

### B. The Conspiracy

10. Beginning on an unknown date, but at least as early as in or around April 2019, and continuing until at least in or around April 2022, in the Middle District of Florida and elsewhere, the defendant,

SHEM WAYNE ALEXANDER,

did knowingly and willfully conspire with other persons, both known and unknown to the Grand Jury, to commit offenses against the United States, that is, to fraudulently and knowingly export and send, and attempt to export and send, articles, merchandise, and objects contrary to any law or regulation of the United States, specifically, by delivering and causing to be delivered a package or other

3

container in which there is any firearm and ammunition, including a SAR Arms SAR-9 9mm pistol bearing serial number T1102-20BV75451, a Ruger Security-9 9mm pistol bearing serial number 384-03519, a Taurus G3 9mm pistol bearing serial number ABN369536, and a Taurus G2C 9mm pistol bearing serial number ABL113463, from the United States to Trinidad and Tobago, to a common or contract carrier for transportation or shipment in interstate and foreign commerce without written notice to the carrier that such firearm or ammunition was being transported or shipped contrary to 18 U.S.C. § 922(e), in violation of 18 U.S.C. § 554.

### C. Manner and Means

11.  The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others:

    a.  It was part of the conspiracy that conspirators would and did acquire firearms and related equipment, including magazines, ammunition, and firearms parts, from sellers and other individuals in the United States.

    b.  It was further part of the conspiracy that conspirators would and did arrange for firearms and related equipment to be acquired in, and transported through, the Middle District of Florida.

    c.  It was further part of the conspiracy that conspirators would and did ask third parties to assist with acquiring and transporting firearms.

    d.  It was further part of the conspiracy that conspirators would and did falsely represent to firearms sellers the identities of the actual purchasers and

recipients of the firearms, as well as their ultimate destination.

    e.    It was further part of the conspiracy that conspirators would and did transmit funds to pay for the firearms and related equipment, as well as to reimburse and pay conspirators, including transactions that occurred in the Middle District of Florida.

    f.    It was further part of the conspiracy that conspirators would and did exchange phone calls, text messages, audio messages, and other electronic communications to coordinate the acquisition and shipment of the firearms and related equipment.

    g.    It was further part of the conspiracy that conspirators would and did conceal the firearms and related equipment within boxing/fight equipment, speakers, and other household items, so as to avoid detection by law enforcement and customs authorities.

    h.    It was further part of the conspiracy that conspirators would and did unlawfully ship the concealed firearms and related equipment from the United States to Trinidad and Tobago by commercial shipping services, including common and contract carriers.

    i.    It was further part of the conspiracy that conspirators would and did falsely represent to shippers the contents of packages being exported from the United States.

    j.    It was further part of the conspiracy that conspirators would and did deliver and cause to be delivered to common and contract carriers for

transportation or shipment in foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, packages or other containers in which there was a firearm or ammunition without written notice to the carrier that such firearm or ammunition was being transported or shipped.

 k. It was further part of the conspiracy that conspirators would and did perform acts and make statements to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

### D. Overt Acts

12. In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the Middle District of Florida and elsewhere:

**Purchase of Firearms on April 13 and 14, 2019**

 a. From on or about April 13, 2019, through on or about April 14, 2019, KING bought approximately 13 firearms from firearms sellers in the Tampa, Florida area, including a Romarm/Cugir model Micro Draco 7.62 caliber pistol bearing serial number PMD-11014-19 and a Taurus model PT111 G2A 9mm pistol bearing serial number TMB66883.

 b. On or about July 29, 2019, KING told federal agents that the firearms that he had bought in April 2019 had all been stolen from his vehicle.

### Purchase of Firearms in May and June 2020 by Individual-1 and Transfers of Money to Co-Conspirators

c. On or about May 13, 2020, Individual-1 transferred approximately $1,000 to OLIVER.

d. On or about May 22, 2020, Individual-1 received approximately $1,000.

e. On or about May 23, 2020, Individual-1 bought two Taurus pistols from a firearms store in Tampa, Florida.

f. On or about May 26, 2020, OLIVER transferred approximately $1,000 to Individual-1.

g. On or about May 26, 2020, Individual-1 bought a Glock 26 pistol bearing serial number BDGF541 from a firearms store in Tampa, Florida.

h. On or about June 4, 2020, Individual-2 sent Individual-1 the phone number for Individual-3.

i. On or about June 6, 2020, ALEXANDER sent PHILLIP a photograph of a Glock 26 pistol bearing serial number BDGF541.

j. In or around June 2020, Individual-1 transferred two Taurus pistols to Individual-3 in Tampa, Florida.

k. In or around June 2020, KING transferred a Glock pistol to Individual-3 in Tampa, Florida.

l. In or around June 2020, Individual-3 drove the two Taurus pistols and the Glock pistol that Individual-3 had received to OLIVER's mother's

residence in Homestead, Florida.

### Packing, Concealing and Smuggling of Firearms

  m. In or around June 2020, OLIVER and PHILLIP amassed firearms and firearms components at OLIVER's mother's residence in Homestead, Florida.

  n. On or about June 30, 2020, Individual-2 transferred approximately $1,509.58 to Individual-1.

  o. On or about June 30, 2020, Individual-1 transferred approximately $1,200 to OLIVER.

  p. On or about July 20, 2020, ALEXANDER, in phone messages, discussed with KING arranging a place for PHILLIP to stay to crash and "pack the stuff."

  q. On or about July 20, 2020, PHILLIP arranged to stay with Individual-3 in the Tampa area.

  r. In or around July 2020, PHILLIP discussed with Individual-3 concealing firearms inside of speakers with foam, which were to be then shipped overseas.

  s. On or about July 10, 2020, Individual-2 transferred approximately $503.14 to Individual-1.

  t. On or about July 10, 2020, Individual-1 transferred approximately $600 to OLIVER.

  u. On or about July 26, 2020, PHILLIP sent ALEXANDER a

photograph of a message thread containing prices for various Glock pistols. ALEXANDER then forwarded to PHILLIP the contact information for Individual-1.

  v. On or about July 27, 2020, PHILLIP and KING exchanged phone messages, in which the two discussed buying a box and obtaining an Airbnb rental to "load."

  w. On or about July 28, 2020, KING transferred approximately $4,000 to OLIVER.

  x. On or about July 29, 2020, PHILLIP and KING exchanged phone messages, in which KING sent a photograph of a speaker and PHILLIP responded that the space was too small to fit his "stuff."

  y. On or about July 31, 2020, PHILLIP and ALEXANDER exchanged phone messages, in which they discussed shipping a speaker to Individual-1.

  z. On or about July 31, 2020, PHILLIP and KING exchanged phone messages, in which they discussed KING obtaining a speaker for PHILLIP.

  aa. On or about August 14, 2020, PHILLIP and ALEXANDER exchanged phone messages, in which they discussed PHILLIP buying two Taurus pistols for ALEXANDER.

### Purchase of Speaker to Smuggle Firearms

  bb. On or about August 14, 2020, ALEXANDER sent a photograph of a firearm to PHILLIP and directed PHILIP to purchase a specific type of firearm.

cc. On or about August 15, 2020, PHILLIP and ALEXANDER exchanged phone messages, in which they discussed purchasing sets of speakers and the difficulty opening them. PHILLIP and ALEXANDER also discussed shipping a set of speakers to an address associated with PHILLIP in Pembroke Pines, Florida.

dd. On or about August 15, 2020, Individual-2 instructed Individual-1 to ship a set of speakers to PHILLIP at the address associated with PHILLIP in Pembroke Pines.

ee. On or about August 18, 2020, OLIVER sent PHILLIP a link to a webpage for an online firearms store listing a parts kit for a rifle, as well as a screenshot of gun parts kit in an online shopping cart.

ff. On or about August 18, 2020, PHILLIP sent ALEXANDER a video depicting him concealing firearms inside of a speaker, as well as photographs of firearms.

gg. On or about October 31, 2020, Individual-1 bought a Taurus G2C 9mm pistol bearing serial number ABL113463 from a firearms store in Tampa, Florida.

hh. On or about December 18, 2020, OLIVER spent approximately $455.96 at a boxing/fight equipment store in Miami, Florida.

ii. On or about December 21, 2020, OLIVER transferred $500 to Individual-1.

jj. On or about December 21, 2020, Individual-1 bought a SAR Arms SAR-9 9mm pistol bearing serial number T1102-20BV75451 from a firearms

store in Tampa, Florida.

kk. On or about January 15, 2021, Individual-1 bought a Taurus G3 9mm pistol bearing serial number ABN369536 and a Ruger Security-9 9mm pistol bearing serial number 384-03519 from a firearms store in Tampa, Florida.

ll. On or about January 27, 2021, Individual-1 bought approximately nine firearms magazines from a store in Hialeah, Florida. Individual-1 arranged to have the magazines shipped to PHILLIP at the address associated with PHILLIP in Pembroke Pines.

mm. On or about March 30, 2021, OLIVER and PHILLIP ordered approximately $2,400 worth of punching bags from a boxing/fight equipment store in Miami.

### Shipment of Firearms from Miami to Trinidad and Tobago

nn. On or about April 6, 2021, OLIVER spent approximately $115.56 at an air/sea container company.

oo. On or about April 7, 2021, OLIVER shipped a package concealing and containing various firearms and related equipment, including a Taurus G2C 9mm pistol bearing serial number ABL113463, a SAR Arms SAR-9 9mm pistol bearing serial number T1102-20BV75451, a Taurus G3 9mm pistol bearing serial number ABN369536, and a Ruger Security-9 9mm pistol bearing serial number 384-03519, from Miami, Florida to Trinidad and Tobago.

pp. On or about April 22, 2021, OLIVER canceled his cell phone service.

qq. In or around April 2022, OLIVER contacted a firearms seller to arrange to buy approximately twenty 80% lower receivers or receiver blanks for the purpose of assembling firearms.

All in violation of 18 U.S.C. § 371.

## COUNT TWO
### (Conspiracy to Traffic Firearms)

13. Paragraphs 1 to 12 of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

14. Beginning on an unknown date, but at least as early as in or around April 2019, and continuing until at least in or around April 2022, in the Middle District of Florida and elsewhere, the defendant,

SHEM WAYNE ALEXANDER,

did knowingly conspire and agree with others known and unknown, to ship, transport, transfer, cause to be transported, and otherwise dispose of any firearm to another person, in or otherwise affecting interstate or foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony, in violation of Title 18, United States Code, Section 933(a)(1).

All in violation of Title 18, United States Code, Section 933(a)(3).

## FORFEITURE

1. The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the

provisions of 18 U.S.C. §§ 924(d) and 981(a)(1)(C), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of Count One and Count Two, the defendant,

SHEM WAYNE ALEXANDER,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in the offense and, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. The property to be forfeited includes, but is not limited to, the following items seized by authorities in Trinidad and Tobago on or about April 22, 2021, which had been shipped from Miami, Florida to Piarco International Airport via Laparkan Airways, Inc.:

    a. One SAR Arms SAR-9 9mm pistol bearing serial number T1102-20BV75451;

    b. One Ruger Security-9 9mm pistol bearing serial number 384-03519;

    c. One Taurus G3 9mm pistol bearing serial number ABN369536;

    d. One Taurus G2C 9mm pistol bearing serial number ABL113463;

    e. One Taurus G2C 9mm pistol bearing serial number TLT70544;

    f. One Taurus G3 9mm pistol bearing serial number ABC401000;

    g. One Taurus G3 9mm pistol bearing serial number ABC405471;

    h. One Glock 19 9mm pistol bearing serial number WGX286;

    i. One Glock 19 9mm pistol bearing serial number BFUZ185;

    j.    One Ruger .38 special caliber revolver being serial number 542-63242;

    k.    One Bulldog 12-gauge semi-automatic shotgun bearing serial number 12BD20-2415;

    l.    One desert-brown pistol of unspecified make and model with black slide;

    m.    One brown pistol of unspecified make and model with black slide;

    n.    One pistol of unspecified make and model;

    o.    Three AR-15 barrel foregrips;

    p.    19 lower pistol grip assemblies/lower receivers;

    q.    11 forearm bolt assemblies/upper receivers;

    r.    Three AR-15-style barrels with forearm grips;

    s.    Two shotgun chokes;

    t.    One AR-15 drum magazine;

    u.    32 AR-15 magazines;

    v.    34 9mm magazines;

    w.    Three 9mm drum magazines;

    x.    Six magazine couplers;

    y.    AR-15 ammunition, 9mm ammunition, .38 caliber ammunition, and shotgun shells;

    z.    One Romarm/Cugir model Micro Draco 7.62 caliber pistol bearing serial number PMD-11014-19; and

    aa.    One Taurus model PT111 G2A 9mm pistol bearing serial number TMB66883.

4.    If any of the forfeitable assets described above, as a result of any act or omission of the defendant:

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third person;

  (c) has been placed beyond the jurisdiction of the Court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

        A TRUE BILL,

        _____
        Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
David W.A. Chee
Assistant United States Attorney

By: _____
for: Daniel Baeza
Assistant United States Attorney
Chief, Transnational Organized Crime Section

15

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

SHEM WAYNE ALEXANDER

SUPERSEDING INDICTMENT

Violation:   18 U.S.C. § 371
18 U.S.C. § 933

A true bill,

███████████████

Foreperson

Filed in open court this 31st day

of October , 2024.

*Amanda Craig*
AMANDA CRAIG   Clerk

Bail $_____

SEALED

GPO 863 525